# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50021 | **DATE** | 4/22/2009 |
| **CASE TITLE** | Ricalday v. Bockelmann, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [17] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     On May 14, 2006, Jose Manuel Aldava-Grijaldo was shot and killed by Marengo police officers following a brief pursuit. On February 4, 2008, approximately three months before the applicable statute of limitations would run, a complaint was filed naming the decedent as plaintiff. At a status hearing on March 26, 2008, defendants' counsel noted for the record that a deceased person lacks the capacity to sue under Illinois law and that if plaintiff's counsel did not amend his complaint, he would file a motion to dismiss the case. Two more status hearings passed and still neither defendants' motion to dismiss nor plaintiff's amended complaint was forthcoming.

     Finally, on November 6, 2008, defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) arguing that this court lacked subject-matter jurisdiction since the complaint was filed by a deceased person lacking the capacity to file a lawsuit. Plaintiff filed both an amended complaint and an answer to defendants' motion on November 25, 2008. The amended complaint named a new plaintiff: "Norma Olivia Paez Ricalday, as Special Administrator of the Estate of Jose Manuel Aldava-Grijaldo, Deceased." Plaintiff's answer stated that under Federal Rule of Civil Procedure 17, the substitution of plaintiffs was not only proper but also related back to the date of the original filing of the complaint, avoiding any of statute of limitations issues. For the following reasons, defendants' motion to dismiss is denied.

     In federal court, a person's capacity to sue is governed by the law of the person's domicile. Fed. R. Civ. P. 17(b). Illinois, like many other jurisdictions, requires that a lawsuit have a plaintiff and defendant and that both be in existence at the time the suit is filed. See, e.g., Marcus v. Art Nissen & Son, Inc., 224 Ill. App. 3d 464, 469 (1991). However, Rule 17(a) provides an escape hatch in situations where a lawsuit is not prosecuted in the name of the real party in interest. It states:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the

**STATEMENT**

action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). The Rule allows the substitution of a party to relate back to the time of filing "when an honest mistake has been made in choosing the party in whose name the action [was] filed." Fed. R. Civ. P. 17 advisory committee's note.

The issue in this case is whether the mistake of plaintiff's attorney in naming the decedent as the party in interest must have been both honest and reasonable in order for the substitution of the special administrator to relate back to the time the case was originally filed. Although not cited by the parties, this court finds the case of Esposito v. United States to be on point and particularly persuasive. 368 F.3d 1271 (10th Cir. 2004). In that case, plaintiff's attorney mistakenly filed a wrongful death case in the name of the decedent six months before the statute of limitations ran. Id. at 1272. The defendant filed a motion to dismiss for lack of subject matter jurisdiction, arguing that a suit filed in the name of a decedent is a nullity and void. Id. The Esposito court found that whether the lawsuit as filed in the name of the decedent was a nullity was irrelevant as Rule 17 required that the real party in interest be substituted into the action, within a reasonable time after objection, and that the action proceed as if it had originally been commenced in the name of the substituted party. Id. at 1274-75, 1277-78 ("[N]othing in Rule 17(a) requires that the original plaintiff have capacity to sue."). According to the Tenth Circuit, both the plain language of the rule and the Advisory Committee notes make clear that the court need not find that a mistake in naming the real party in interest be both honest and understandable in order to fall under Rule 17's protection. Id. Rather, it stated that courts should only decline to allow substitution under that rule when a party seeks to use it in bad faith or to gain a tactical advantage.[1] Id. at 1275-77. As the plaintiff's attorney claimed he made an honest mistake and as there was no other evidence of bad faith on his part, the court found that the district court abused its discretion in denying plaintiff's request to substitute parties and in granting defendant's motion to dismiss. Id. at 1277.

In this case, even though the original complaint was filed in the name of the decedent, Rule 17 allows the substitution of the special administrator and mandates that the substitution relate back to the original time the lawsuit was filed. Fed. R. Civ. P. 17(a)(3). Absent any facts suggesting that plaintiff acted in bad faith or to gain a tactical advantage by filing the case in the name of the decedent, this court follows the sound reasoning of the Esposito court and rejects defendants' suggestion that plaintiff's mistake was not understandable and, therefore, not honest. Esposito, 368 F.3d at 1275-77. While defendant argues that plaintiff took nine months to substitute the parties, Rule 17 only requires that plaintiff substitute the real party in interest within a "reasonable time" of defendants' objection. Id. While defendants' mentioned that this court lacked subject matter jurisdiction in March 2008, they failed to formally object until November 6, 2008. Once the objection was made, plaintiff amended her complaint within three weeks, which this court finds to be a reasonable time after defendants' objection for the purposes of Rule 17. Further, and perhaps most importantly, defendants' have failed to state how plaintiff's error prejudiced them in any way. Absent prejudice, allowing plaintiff to substitute parties under Rule 17 works no injustice.

Accordingly, defendants' motion to dismiss is denied.

---

1. The Esposito court suggested that the focus of Rule 17 is on whether a mistake was honest; whether a mistake is understandable is only relevant if the mistake at issue is so unreasonable it raises a strong inference that the mistake was not honest. Esposito, 368 F.3d at 1275-77.